CLARKE, &c.
vs.
SEATON.

---

Case 33.

Pet. Eq.

Clarke, &c. vs. Seaton.

APPEAL FROM LEWIS CIRCUIT.

1. Allegations of value, or amount of damages, cannot be taken as true by failure to answer them. (*Daniel vs. Judy*, 14 *B. Monroe*, 303; *Civil Code, sec.* 153.) This provision is applicable to all actions, whether equitable or ordinary.

2. In all actions *ex delicto*, whether commenced by ordinary petition or petition in equity, to obtain the aid of a specific attachment, as in this case, it is necessary that a jury shall intervene to assess the damages, unless dispensed with. (*Civil Code, sec.* 361 )

3. A charge that a defendant is *insolvent* does not, of itself, authorize the issue of an attachment; nor does the charge that another defendant is about to remove from the State authorize the issue of an attachment, without any averment that he is about to remove his property, without leaving enough to satisfy the plaintiff's demand.

[The facts of the case are set out in the opinion of the court.—REP.]

*Geo. W. Thomas,* for appellants—

This is an action brought by Seaton against Clark, &c., to recover *damages* for pealing bark on his land. The judgment in the action is erroneous for the following reasons:

1. The court rendered judgment by default for $300, without the intervention of a jury to assess damages. By the defendants, Clark &c., failing to answer they waived their right to a trial by a jury, but still the court should have heard proof as to the amount of damages. By the Code allegations of value, or of amount of damages, shall not be considered as true by the failure to controvert them. In the case of *Daniel vs Judy*, 14 *B. Monroe,* 395, the court say, "where the proof of a fact, or the assess-
' ment of damages, is necessary to enable the court
' to pronounce judgment, upon a failure to answer,
' the record should show that there had been a trial
' by the court," &c. The record in this case does not show that there had been a trial by the court, but on the contrary judgment was taken by default.

2. The allegations of the petition do not state facts sufficient to authorize the issuing of an attachment. They state, "that said Clark is wholly and noto-
' riously insolvent, and that said defendant, Smith,
' has given out in speeches, and plaintiff is informed
' and believes, is preparing to remove from this com-
' monwealth, with the intention of never returning."
He does not allege, as the Code requires, that he "is

' about to remove his property, or. a material. part. ' thereof, out of this state, not leaving enough there- ' in to satisfy the plaintiffs claim;" nor any of the grounds mentioned in the Code. (See *Code of Practice, page 58, section* 221.)

3. Process had not been served upon the defendant, Smith, twenty days before the commencement of the court, or at the time of the judgment. (See *Daniel vs Judy,* 14 *B. Monroe,* 393; *Harris vs Ray,* 15 *B. Monroe,* 628; *Code of Practice, page* 39, *sec.* 153; also *page* 58, *sec.* 221.

We ask a reversal.

*E. F. Dulin,* for appellee—

1. This was a proceding in equity, and it was therefore unnecessary that a jury should be called to assess the damages; it was the right of the chancellor to do so. The case of *Judy vs Daniel,* 14 *B. Monroe,* is referred to as authority on this point. It is submitted to the court whether the cases are analogous; that was an ordinary petition, this a petition in equity. In this case the amount of damage is distinctly stated, and sworn to, in the case referred to it is only stated in the formal part of the petition.

2. The rule has always been, in a proceeding in equity, to take as confessed every material allegation of the bill not answered, except in some few cases as divorce, &c., and those by express statute. The Code of Practice did not intend to confound the grounds of equity and the causes of action by ordinary petition. (*Sec.* 4.) The affidavit required to be made to the pleadings was not intended to lessen the proof necessary to sustain the pleadings or issues formed thereby. (*Section* 142, *page* 37.)

3. The statements of the petition and affidavit warranted the issuing of the attachment. It is averred that one of the defendants "is preparing to leave the state." This is equivalent to the words "is about to leave the state," which is the language adopted by the Code. The other defendant was insolvent.

4. If it be the fact that one of the defendants was not served with process before judgment, this court cannot correct the error until the inferior court shall refuse to do so. (*Civil Code, sec.* 579.) This was not done before the case was brought here. (See *Reynolds vs Reed*, 16 *B. Monroe*, 330.) It has been since done, and the appellees should be saddled with double costs.

It is submitted to the court whether the judgment in this case is such final order as authorizes an appeal.

Judge STITES delivered the opinion of the court.                    Sept. 28, 1857.

The objections to this judgment are well taken, and must prevail.

The action, though in equity, was for damages resulting from the alledged wrongful acts of appellants in entering upon the land of appellee and cutting an carrying away the bark from his trees. The amount of damage claimed was $300. The defendants, though served, failed to appear and answer, and the court below, without proof or the intervention of a jury, rendered judgment by default for the sum claimed.

In *Daniel vs Judy*, 14 *B. Mon.*, 303, which was an action *ex delicto*, by petition in ordinary, such a judgment was deemed erroneous, because by the Civil Code, (*sec.* 153) "allegations of value, or amount of ' damage, cannot be taken as true by the failure to ' controvert them."

1. Allegations of value, or am't of damages, can not be taken as true by failure to answer them. (*Daniel vs. Judy*, 14 *B. Mon.* 303; *Civil Code, sec.* 153.) This provision is applicable to all actions, whether equitable or ordinary.

The provision, in our opinion, is alike applicable to all actions, whether equitable or in ordinary, and, in no case can such allegations be taken as true for for want of a denial.

A jury was likewise necessary in this case to make the assessment of damage.

The action was *ex delicto*, and in such cases, whether commenced by petition in ordinary, as they usually are, or in equity to obtain the aid of a specific attachment, as here, the intervention of a jury is not

2. In all actions *ex delicto*, whether commenced by ordinary petition or petition in equity, to ob-

3. A charge that a def't is *insolvent* does not, of itself, authorize the issue of an attachment; nor does the charge that another defendant is about to remove from the state authorize the issue of an attachment, without any averment that he is about to remove his property, without leaving enough to satisfy the plaintiff's demand.

dispensed with by a failure of a party to appear at the trial, unless with the assent of the court. (*Civil Code*, 361.)

Such assent to a waiver of a trial by jury should appear in the entry submitting the facts to the court; or it may be inferred from an entry showing that the court heard the testimony and pronounced judgment thereon; but such inference cannot be indulged where nothing appears but a judgment by default.

The objection that the allegations of the petition are insufficient to uphold the attachment is also well founded. Their purport is, that Clark was insolvent, and Smith was preparing to remove from the state with the intention of not returning. The charge of insolvency alone is insufficient for an attachment; a charge of removing from the state, unaccompanied with the statement that the party was about to remove his property, or a material part thereof, out of the state, not leaving enough to satisfy the demand sued for, is equally defective.

In this case, however, there was no answer and no motion to vacate the attachment, and upon the return of the cause the appellee should have leave to amend his petition if he so desires, and on failure to do this his attachment should be vacated.

For the errors indicated the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.